IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STEPHEN MERRIFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-1334-SMY |
| | ) |
| SCHENKER, INC. d/b/a DB | ) |
| SCHENKER/ROYAL CANIN, and | ) |
| BRIAN FORRESTER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Stephen Merrifield originally filed suit against Defendants Schenker, Inc. d/b/a Schenker/Royal Canin ("Schenker") and Brian Forrester in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois alleging common law retaliatory discharge, violations of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 *et seq*., and intentional interference of economic advantage. Defendants removed the action to this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332 and asserting that Forrester was fraudulently joined (Doc. 1).

Now pending before the Court is Plaintiff's Motion to Remand (Doc, 10), which Defendants oppose (Doc. 21). For the following reasons, the motion is **GRANTED**.

### Background

In the Complaint, Stephen Merrifield alleges that he was employed by Schenker and sustained a work-related injury in July 2024. Merrifield was subsequently terminated after informing Schenker that he planned to file a workers' compensation claim. He alleges his termination was a result of his handicap and/or as retaliation for filing a claim. Merrifield also alleges that Forrester was his general manager who was involved with the investigation leading to

his termination, and that he intentionally and wrongfully interfered with Merrifield's economic relationship with Schenker by providing incomplete and inaccurate information and by failing to perform an adequate investigation which resulted in his termination.

## Discussion

Removal is governed by 28 U.S.C. § 1441. A case may be removed so long as the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 890 (7th Cir. 2013). The party seeking removal, as the proponent of federal subject matter jurisdiction, has the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)). Moreover, doubts concerning removal must be resolved in favor of remand to the state court. *Id.*

Removal based on federal diversity jurisdiction requires that the parties to a case be of completely diverse state citizenship and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83-84 (2014). Where diversity of citizenship is not complete, a federal court may disregard the citizenship of a diversity-defeating defendant on removal when that defendant has been fraudulently joined. *Gottlieb v. Westin Hotel Co.,* 990 F.2d 323, 327 (7th Cir. 1993). A defendant seeking removal based on fraudulent joinder has the heavy burden of proving that, after the court resolves all issues of law and fact in a plaintiff's favor, there is no reasonable probability that the plaintiff can establish a cause of action against the diversity-defeating defendant in state court. *Morris v. Nuzzo*, 718 F.3d 660 (7th Cir. 2013).

Here, Plaintiff asserts that Defendants have failed to establish that the amount in controversy exceeds $75,000 or that the parties have completely diverse state citizenships. Defendants assert that Plaintiff's total average weekly pay was $1,125.69 and that his back-pay as of August 12, 2025 is $63,038.64. They argue their calculations show that "Plaintiff's back-pay damages alone will exceed $75,000 during the course of discovery in this matter, even without considering any of the other categories of damages Plaintiff seeks." Defendants further argue that Plaintiff will be entitled to attorneys' fees under the IHRA if he succeeds at trial and his attorneys' fees "would certainly exceed $25,000."

In a case removed from state court, the amount in controversy is the amount required to satisfy a plaintiff's demand in full ***on the day the suit was removed***. *Oshana v. Coca–Cola Co.,* 472 F.3d 506, 510–11 (7th Cir. 2006) (emphasis added). "A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) (citing *Oshana*, 472 F.3d at 511). According to Defendants' wage calculations, Plaintiff's backpay at the time this lawsuit was removed on July 7, 2025 was $57,410.19 – far less than the jurisdictional minimum. And although legal fees may count toward the amount in controversy when the prevailing party is entitled to recover them as part of damages, "legal expenses that lie in the future and can be avoided by the defendant's prompt satisfaction of the plaintiff's demand are not an amount 'in controversy' when the suit is filed. *See Gardynski–Leschuck v. Ford Motor Co.,* 142 F.3d 955, 958–59 (7th Cir.1998). Removal cannot be based on speculation or conjecture. As such, Defendants have not established that the amount in controversy requirement has been met.

## Conclusion

For the foregoing reasons, this Court lacks subject matter jurisdiction over Plaintiff's cause of action; Plaintiff's Motion to Remand (Doc. 10) is **GRANTED**. The Court **REMANDS** this case to the Circuit Court, Third Judicial Circuit, Madison County, Illinois. Further, Defendants' Motion to Dismiss (Doc. 12) is **TERMINATED as MOOT**.

**IT IS SO ORDERED.**

**DATED: August 14, 2025**

*[signature]*

**STACI M. YANDLE**
**United States District Judge**